The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

DONEALE L. FEAZELL,

Defendant.

NO.    MJ24-609

COMPLAINT FOR VIOLATION

18 U.S.C. § 922(g)(1)

BEFORE United States Magistrate Judge S. Kate Vaughan, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Unlawful Possession of a Firearm)

On or about July 28, 2024, in King County, within the Western District of Washington, DONEALE L. FEAZELL, knowing he had been convicted of the following crimes punishable by a term of imprisonment exceeding one year:

> i.    *Theft in the First Degree*, in King County Superior Court, under case number 11-1-07221-1, on or about March 9, 2012;

COMPLAINT – 1
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ii.    *Unlawful Possession of a Firearm in the First Degree*, in King County Superior Court, under case number 10-1-00061-0, on or about August 29, 2011;

iii.    *Conspiracy to Engage in Sex Trafficking of a Minor*, in the United States District Court for the Western District of Washington, under case number CR12-141-JLR, on or about May 20, 2013

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is: a Glock 27 semi-automatic, .40 caliber handgun that had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

And the complainant states that this Complaint is based on the following information:

I, Shawna McCann, being first duly sworn on oath, depose and say:

1.    I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been employed with the FBI since September 17, 2017.  I am currently assigned to the violent crime/organized crime squad in the Seattle, Washington office.  As an FBI Special Agent, I have investigated a variety of narcotics and firearm related crimes, including cases involving possession and distribution of narcotics, illegal trafficking of firearms, and unlawful possession of firearms and ammunition.

2.    During my FBI career, I have been involved in narcotics and felon in possession of firearms and ammunition arrests and search warrants in drug trafficking, organized crime, and trafficking of stolen property cases.  I have authored affidavits in support of federal warrant applications, participated in executing state and federal warrants, and have interviewed drug and firearms traffickers and informants with knowledge of drug and firearms trafficking.  I have also served as a case agent on prior federal criminal investigations into Drug Trafficking Organizations ("DTOs") and other criminal activity.  I have participated in the debriefing of defendants, witnesses, and informants, during which time I have discussed with them their criminal activity, to

COMPLAINT – 2
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

include drug trafficking, firearms possession, and avoiding law enforcement detection, among other crimes and activities.  I have also discussed with and learned from other law enforcement investigators regarding these matters as well.

3.	The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses.  I have also read reports written by law enforcement officers regarding the incident in this case.  This affidavit is intended to show merely that there is sufficient probable cause for the above charge and does not set forth all of my knowledge about this matter.

4.	Around 12:09 a.m. on July 28, 2024, Seattle Police Department Officer Quinton Malo Teo responded to a 911 call regarding a female in distress near the Level Hotel in South Lake Union.  While enroute to the call, Officer Malo Teo encountered two females at Boren Avenue North and John Street who appeared to need assistance. One of the females, T.T, had vomit on her and was unable to sit on a bench without falling over. The other female, L.H., appeared to be talking to a group of six or seven males standing outside. Officer Malo Teo asked T.T. if she was all right.  Without answering, L.H. came over and attempted to pull T.T. back towards the apartment building located at 130 Boren Avenue North (the Onni Boren Tower).  When T.T. stated that she was not okay, Officer Malo Teo got out of his patrol car and asked the two women to sit on a bench, which they did.  Officer Malo Teo explained that the women were not in trouble and that he was concerned that they might need medical assistance.  During this conversation, T.T. went in and out of consciousness and was unable to stay balanced even when seated.

5.	L.H. told Officer Malo Teo that she and T.T. had met the group of men who were now standing outside earlier that evening. L.H. stated that they did not know the men but thought they seemed nice so they agreed to ride in their car with them.  The men invited the women for drinks at an apartment located at 130 Boren Avenue North

COMPLAINT – 3
*United States v. Feazell*
USAO No. 2024R00946

(Onni Boren Tower). L.H. stated that the group went to unit 707, where the men gave the two females alcoholic drinks; however, L.H. did not recall seeing the men drinking. L.H. said that she was drinking the same pace and amount as T.T. but T.T. became much more intoxicated than she did.

6.     L.H. said that the group was leaving the apartment to drive to another bar when T.T. began getting ill. L.H. said that when the men saw Officer Malo Teo's police cruiser arrive at the scene, they kicked both women out of the car. According to L.H., the men told her not to talk to the police but instead come back up to unit 707.

7.     At Officer Malo Teo's request, Seattle Fire Department (SFD) officers responded to the scene and examined T.T. for suspicion of being drugged. While SFD was examining the female, the SPD officer noticed one of the men from the group who had been initially encountered in front of the apartment building get into a large white truck with dual tires and speed off. After SFD had completed their examination of T.T., Officer Malo Teo saw the same white truck parked east of the intersection of John Street and Fairview Avenue with its lights off. Officer Malo Teo requested additional officers to check the truck as a suspicious vehicle; however, the truck left before the other officers arrived and they could not relocate it.

8.     Officer Malo Teo spoke with staff at Onni Boren Tower regarding the incident he had just witnessed. The staff advised Officer Malo Teo that unit 707 had had numerous complaints of disturbances and was currently in eviction proceedings. The staff further stated that a group of about six to eight men frequent that apartment and that their leader appeared to be an individual named DONEALE L. FEAZELL. The staff stated that multiple staff and residents had complained of unit 707's occupants bringing large groups into the building to have parties in the common areas after hours, and that on multiple occasions staff had seen the occupants of unit 707 drag females out of the

COMPLAINT – 4
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

building who appeared to be drugged. Officer Malo Teo checked unit 707 but received no answer at the door.

9. After leaving the Onni Boren Tower, Officer Malo Teo checked on the nearby Vue nightclub in Seattle's Belltown neighborhood. Vue's security staff advised him that they had recently rejected entry to a group who had been drinking outside on the sidewalk and were armed with firearms. The security staff's description of the group appeared to match that of the men Officer Malo Teo had previously seen outside talking to T.T. and L.H. Vue staff told Officer Malo Teo the direction the group had left. He subsequently located a group of men in a parking lot at 2311 2nd Avenue sitting in the same white truck that had sped away when he was talking to L.H. and T.T. Officer Malo Teo had previously seen photographs of FEAZELL and recognized that he was the driver of the truck. As the truck started to leave the parking lot, Officer Malo Teo notified other officers that he had located the truck and where it was traveling.

10. Other SPD officers located the white truck, driven by FEAZELL, driving southbound on First Avenue and tried to conduct a high risk stop of the truck due to the nightclub security officer's report of the group being armed. When SPD officers attempted to pull the white truck over with lights and sirens, the truck eluded law enforcement by driving at a high rate of speed and running a red light. In the interest of public safety, SPD officers did not pursue the truck. Staff at the Onni Boren Tower subsequently advised Officer Malo Teo that the white truck dropped off FEAZELL around 5:00 a.m. on July 28, 2024.

11. Officer Malo Teo continued to communicate with A.M., an Onni Boren Tower employee, during the day of July 28, 2024. At approximately 9:00 p.m. on July 28, A.M. advised Officer Malo Teo that most of the males from the previous incident had returned to the apartment building. More than an hour later, A.M. advised Officer Malo Teo that FEAZELL and a large group of people were in the building's

COMPLAINT – 5
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

common room and refusing to leave.  A.M. called 911 to report a trespass due to the common room being closed for use.

12.    Officer Malo Teo and other SPD officers responded to the 911 call around 10:55 p.m.  The arrival of law enforcement caused many of the people in the group to quickly leave; however, several people remained in the common room. Officers recognized one of the people in the common room as FEAZELL based on previously reviewing pictures of him with distinctive blonde braids and from seeing him driving the white truck that had eluded officers earlier that morning.

13.    Officers attempted to detain FEAZELL based on probable cause for eluding officers. While officers were attempting to place him in handcuffs, FEAZELL tore his arms from officers and ran towards the door. Officers were able to stop FEAZELL and wrestled him to the ground, placing him in handcuffs.  FEAZELL was then pat-searched by an officer who found a handgun on his person. An officer removed this firearm and rendered it safe, noting the firearm was a Glock 27 semi-automatic, .40 caliber handgun bearing serial number BPAK846, had a round chambered, and had a loaded extended magazine inserted.

14.    Officer Malo Teo read FEAZELL his *Miranda* rights, which he stated he understood.  Officer Malo Teo briefly spoke with FEAZELL, asking about the white truck that eluded officers. FEAZELL told the officer he had no information on that subject.

15.    FEAZELL was escorted from the apartment building to the front of a patrol vehicle where officers conducted a search incident to arrest that located approximately 1.2 grams of suspected methamphetamine on his person. FEAZELL was then placed in the back of the patrol car and transported to Seattle Police Department for booking.

16.    An officer packaged and booked the Glock 27 firearm and ammunition into Seattle Police Department evidence. On or about August 19, 2024, I took custody of the

COMPLAINT – 6
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Glock 27 firearm and associated ammunition from Seattle Police Department evidence and transported and booked this evidence into FBI Seattle evidence.

17.     Special Agent Brian Arnold of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), a court-recognized "interstate nexus" expert who has received specialized training in identifying the manufacturers and/or importers of firearms and ammunition, has reviewed the make, model, caliber, and serial numbers of the above firearms.  He has also reviewed photographs of the firearms.  Based on his review, Special Agent Arnold has opined that the firearms meet the definition of "firearm" under federal law and that each of the firearms was manufactured outside the State of Washington.  Therefore, the above firearms necessarily had previously traveled in interstate or foreign commerce before being recovered in King County, Washington.

18.     I have reviewed the criminal history report showing that FEAZELL has been convicted for the following crimes punishable by imprisonment for a term exceeding one year:

    i.    *Theft in the First Degree*, in King County Superior Court, under case number 11-1-07221-1, on or about March 9, 2012;

    ii.    *Unlawful Possession of a Firearm in the First Degree*, in King County Superior Court, under case number 10-1-00061-0, on or about August 29, 2011; and

    iii.    *Conspiracy to Engage in Sex Trafficking of a Minor*, in the United States District Court for the Western District of Washington, under case number CR12-141-JLR, on or about May 20, 2013.

In each of the above cases, FEAZELL was sentenced to a term of imprisonment exceeding one year.

COMPLAINT – 7
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Based on the above facts, I respectfully submit that there is probable cause to believe that DONEALE L. FEAZELL did knowingly and intentionally commit the offense of Unlawful Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

_____
SHAWNA McCANN, Complainant
Special Agent, Federal Bureau of
Investigation

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this ___26th___ day of September, 2024.

_____
S. KATE VAUGHAN
United States Magistrate Judge

COMPLAINT – 8
*United States v. Feazell*
USAO No. 2024R00946

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970